**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEVE LOU, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19 CV 3189 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

On April 3, 2019, Petitioner Steve Lou filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. 1). For the following reasons, the Court grants the government's motion to dismiss (Dkt. 7), dismisses Lou's § 2255 motion as untimely (Dkt. 1), and declines to certify any issues for appeal. *See* 28 U.S.C. §§ 2253(c)(2), 2255(f). Lou's motion for a hearing is denied as moot. (Dkt. 4).

**BACKGROUND**

On July 12, 2005, Steve Lou was charged with one count of conspiracy to distribute and to possess with intent to distribute approximately 423.8 grams of methamphetamine in violation of 21 U.S.C. § 846. *United States v. Lou*, No. 05 CR 514. On advice of his trial counsel that his case was "winnable," Lou decided to proceed to trial. (Dkt. 1, 15). According to Lou, his trial counsel did not advise him that proceeding to trial would impact his sentencing under the guidelines; specifically that Lou might not receive credit for acceptance of responsibility, and his prior drug incident in Oklahoma could increase his sentence. On November 21, 2008, Lou was convicted by a jury following a trial in which he chose to testify in his own defense. Lou was allowed to remain on bond until his sentencing hearing.

1

Lou then fled from justice, failing to appear for his sentencing hearing on February 17, 2009. On November 3, 2010, Lou was sentenced *in abstentia* to a term of 20 years imprisonment. The judgment of conviction was entered on November 4, 2010. Lou remained a fugitive for over nine years before he was arrested on March 5, 2018.

On April 3, 2019, Lou filed a § 2255 motion to vacate his sentence on the grounds that his trial counsel was ineffective. He alleges that his trial counsel did not adequately advise him of the risks of going to trial and failed to make available arguments to mitigate during his sentencing hearing (where Lou failed to appear). The government now moves to dismiss for untimeliness. (Dkt. 7).

## ANALYSIS

### I. Statute of Limitations — 28 U.S.C. § 2255(f)

Under 28 U.S.C. § 2255(f)(1), motions to vacate must be filed within one year of the judgment becoming final. Here, Lou's judgment became final on November 4, 2010, the date judgment was entered. Lou's deadline for filing a motion to vacate expired on November 4, 2011, over seven years before he filed this motion. Therefore, the motion to vacate is untimely.

Lou argues that the Court should avoid a "mechanical application" of § 2255(f), and should equitably toll the statute of limitations. (Dkt. 11 ¶ 4). The Court declines to do so. Equitable tolling is available in cases ordinarily barred by 28 U.S.C. § 2255(f), provided the defendant has diligently pursued his rights and "some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). This is a high bar to clear and such a remedy is "rarely granted." *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). Lou has not established that he diligently pursued his rights or that extraordinary circumstances prevented his filing.

### A. Extraordinary Circumstances

"'Extraordinary circumstances' are present only when an 'external obstacle' beyond the party's control 'stood in [its] way' and caused the delay." *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) (quoting *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016)); *see also Perry v. Brown*, 950 F.3d 410, 412 (7th Cir. 2020). External obstacles are "barrier[s] beyond a litigant's control," such as severe cognitive impairments, abandonment by counsel, or inability to access vital documents. *Perry*, 950 F.3d at 412; *see also Schmid v. McCauley*, 825 F.3d 348, 350 (7th Cir. 2016); *Socha v. Boughton*, 763 F.3d 674 (7th Cir. 2014). Here, the circumstances preventing Lou from filing a motion to vacate were not external, but rather entirely within Lou's control. As all parties agree, the choice to become a fugitive from justice was Lou's alone. At any time within the one-year filing period, Lou could have surrendered to authorities and filed his motion. *Mamaradlo v. United States*, 8 Fed. App'x 39, 41 (2d Cir. 2001). Lou's fugitive status cannot be considered an extraordinary circumstance because it was not an external obstacle outside of Lou's control.

Lou next argues that his trial counsel's errors amount to abandonment. Thus, he contends this abandonment is an extraordinary circumstance that "clearly contributed" to his decision to flee. The errors identified by Lou include counsel's failure to advise Lou of the risk of proceeding to trial and failure to make mitigating arguments at sentencing. The Court is completely unpersuaded. In rare circumstances, errors by an attorney amounting to abandonment can be considered an extraordinary circumstance. *Ramirez v. United States*, 799 F.3d 845, 849, 854 (7th Cir. 2015) (concluding that counsel's failure to notify defendant that his § 2255 motion was denied, failure to file any post-judgment motions, and failure to file a notice of appeal amounted to abandonment that constituted extraordinary circumstances). However, "garden variety" forms of

neglect, such as a miscalculation of a deadline, are too common to be considered extraordinary circumstances. *Socha v. Boughton*, 763 F.3d 674, 687 (7th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 651–52 (2010)); *See Maples v. Thomas*, 565 U.S. 266, 282 (2018) (discussing *Holland v. Florida*, 560 U.S. 631 (2010)) (distinguishing between "a claim of attorney error, however egregious," and attorney abandonment "evidenced by counsel's near-total failure to communicate with petitioner or to respond to petitioner's many inquiries and requests over a period of several years").

Here, Lou has presented "garden variety" ineffective assistance of counsel allegations. The record does not establish that counsel abandoned Lou. To the contrary, counsel proceeded to represent Lou at sentencing even after Lou fled and argued in favor of mitigation, resulting in a ten-year reduction from the advisory guideline. The errors alleged here clearly do not rise to the level of abandonment.

Second, the Court cannot accept Lou's argument that his attorney's errors constitute an extraordinary circumstance that justified his decision to flee. Even if counsel erred, and even if counsel abandoned Lou, Lou still could have faced his sentence and filed a timely motion to vacate. Claiming that he was unable to file a timely motion because his counsel's errors induced him to flee is "a bridge too far." (Dkt. 12, 2). Finally, to consider ineffectiveness of trial counsel as an extraordinary circumstance would be to invite consideration of the merits of Lou's underlying claim in deciding whether to apply equitable tolling, which the Seventh Circuit has refused to allow. *Lombardo v. United States*, 860 F.3d 547, 560 n.9 (7th Cir. 2017) (quoting *Johnson v. McBride*, 381 F.3d 587, 590–91 (7th Cir. 2004)) ("[A]llowing consideration of the merits of time-barred claims to creep into the equitable tolling analysis lets petitioners effectively circumvent the

statute of limitations because the merits of their claims will always be considered."). Lou has accordingly failed to demonstrate extraordinary circumstances that warrant equitable tolling.

### B. Diligent Pursuit

Lou further urges the Court to consider his diligence in bringing his claims *after* he was recaptured. (Dkt. 11 ¶ 8). In order to establish diligent pursuit, a defendant must "demonstrate that he was reasonably diligent in pursuing his rights throughout the limitations period and until he finally filed his untimely" motion to vacate. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). To do so, the defendant must do more than simply show that he intended to preserve his rights, he must take actual steps to vindicate them. *Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018); *compare Socha v. Boughton*, 763 F.3d 674, 687–88 (7th Cir. 2014) (concluding diligent pursuit based on evidence that petitioner repeatedly wrote attorney requesting his file, requested help from the public defender, used limited library time to work on petition, and requested an extension from the court before time expired) *with Carpenter*, 840 F.3d at 871 (concluding no diligent pursuit where, after filing motion requesting an extension, petitioner filed seven months past the statute of limitations).

Lou was not diligent in pursuing his petition throughout the limitations period—he made no effort to vindicate his rights while he was a fugitive. Lou appears to argue that because the fugitive disentitlement doctrine would have precluded him from pursuing his claim without first surrendering, his lack of diligence during that time should not be considered. (Dkt. 11 ¶ 11). This is contrary to the rationale behind the fugitive disentitlement doctrine, namely that it is reasonable to expect one who seeks redress through the courts to abide by the judgments of the courts, regardless of whether they are favorable to him. *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239–40 (1993) (fugitive disentitlement doctrine "rested in part on enforceability concerns, and in

5

part on a 'disentitlement' theory that construes a defendant's flight during the pendency of his appeal as tantamount to waiver or abandonment"); *United States v. Bokhari*, 993 F. Supp. 2d 936, 938 (E.D. Wis. 2014) (citing *United States v. Kashamu*, 656 F. Supp. 2d 863, 866 (N.D. Ill. 2009)) ("The fugitive disentitlement doctrine stands for the proposition that those who flee from judicial process may not benefit from it."). Indeed, Lou only chose to pursue lawful avenues of redress after his capture--nine years after his sentencing. Lou has not established that he was reasonably diligent in pursuing his rights throughout the limitations period. The Court declines to equitably toll the statute of limitations.

## II. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). Instead, he must first request a certificate of appealability. *Id.* A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Lou must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Lou has not demonstrated that reasonable jurists would disagree as to the Court's timeliness consideration. The Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**CONCLUSION**

The Court grants the government's motion to dismiss [4], dismisses Petitioner's motion to vacate, set aside, or correct his sentence [1] as untimely, and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2). Petitioner's motion for a hearing is denied as moot.

E N T E R:

Dated: July 13, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge